**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CARLOS ROMIOUS                                              CIVIL ACTION

VERSUS                                                            NO. 16-3113

STATE OF LOUISIANA ET AL.                          SECTION "A"(2)

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings,

including an evidentiary hearing, if necessary, and to submit proposed findings and

recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the

entire record, I have determined that a federal evidentiary hearing is unnecessary.  See

28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition

for habeas corpus relief be **DISMISSED WITH PREJUDICE** in part as time-barred,

**DISMISSED WITHOUT PREJUDICE** in part for failure to exhaust state court

remedies and in part for presenting civil rights claims not cognizable on habeas review.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Carlos Romious, is incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana.[2]  On December 2, 2011, Romious was charged by bill of information in Jefferson Parish Case No. 11-5898 with two counts of felony battery on a police officer while detained in the Kenner City Jail.[3]  On April 18, 2013, while awaiting trial in that case, Romious was charged by bill of information in Jefferson Parish Case No. 13-1511 with two counts of misdemeanor battery on a police officer while detained in the Jefferson Parish Correctional Center and one count of simple battery, also a misdemeanor.[4]

Following simultaneous pretrial proceedings, on December 4, 2013, Romious entered guilty pleas pursuant to North Carolina v. Alford, 400 U.S. 25 (1970),[5] to the charges in both cases.[6]  The state trial court sentenced Romious in Case No. 11-5898 to consecutive sentences of one year in prison at hard labor on each of the two felony counts

---

[2]Rec. Doc. No. 5.

[3]St. Rec. Vol. 1 of 11, Bill of Information, 11-5898, 12/2/11.

[4]St. Rec. Vol. 4 of 11, Bill of Information, 13-1511, 4/18/13.

[5]Under Alford, a criminal defendant can enter and the court can accept a guilty plea despite defendant's insistence that he is innocent.

[6]St. Rec. Vol. 2 of 11, Plea Minutes, 11-5898, 12/4/13; Waiver of Constitutional Rights Plea of Guilty, 11-5898, 12/4/13; Felony - Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements; St. Rec. Vol. 4 of 11, Plea Minutes, 13-1511, 12/4/13; Plea and Sentencing Transcript, (both) 12/4/13; Misdemeanor Boykin, 13-1511, 12/4/13; Misdemeanor - Schedule of Court Costs, Fines, Fees, Sentencing Provisions & Probation Requirements, 13-1511, 12/4/13.

to be served without benefit of parole, probation or suspension of sentence.[7]   The sentences also were ordered to be served consecutively to the sentences imposed in Case No. 13-1511.

In the latter case, the court sentenced Romious to serve fifteen days in parish prison on each count of misdemeanor battery and six months in parish prison on the misdemeanor simple battery charge.[8]   The court ordered that the sentences in Case No. 13-1511 run concurrently to each other and consecutively to the sentences imposed in Case No. 11-5898.   The court then suspended the six month sentence for simple battery and placed Romious on supervised probation for two years to begin upon his release from jail.   The court ordered that he report to the probation office within 24 hours of his release.

Romious's convictions and sentences in Case No. 11-5898 were affirmed on direct appeal by the Louisiana Fifth Circuit Court of Appeal on December 16, 2014.[9] Romious's convictions in this case were final thirty days later, on January 15, 2015, when he did not seek review of this ruling.   See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal

---

[7]St. Rec. Vol. 2 of 11, Plea Minutes, 11-5898, 12/4/13; St. Rec. Vol. 4 of 11, Plea and Sentencing Transcript, (both) 12/4/13.

[8]St. Rec. Vol. 4 of 11, Plea Minutes, 13-1511, 12/4/13; Plea and Sentencing Transcript (both), 12/4/13.

[9]St. Rec. Vol. 10 of 11, 5th Cir. Opinion, 14-KA-565 (11-5898), 12/16/14.

is final when the state defendant does not timely proceed to the next available step in an appeal process)).

Romious attempted to appeal his convictions and sentences in Case No. 13-1511, and was advised by the state trial court that there was no direct appeal from the convictions on the misdemeanor charges in that case and that review must be done through application for writ of review,[10] a view reiterated by the Louisiana Fifth Circuit's opinion addressing his direct appeal in Case No. 11-5898.[11]  The state trial court allowed Romious until March 28, 2014, to file his writ application in the Louisiana Fifth Circuit.[12] His convictions in Case No. 13-1511 became final that day, March 28, 2014, when he failed timely to file for review.  Butler, 533 F.3d at 317.

Romious was released from Elayn Hunt Correctional Center on March 23, 2015, after serving his sentence in Case No. 11-5898.[13]  About three months later, on June 9, 2015, the Jefferson Parish District Attorney filed a motion to revoke Romious's probation in Case No. 13-1511 on the simple battery conviction, on grounds that he failed to report to the probation office and comply with other probation requirements.[14]

---

[10]St. Rec. Vol. 4 of 11, Trial Court Order, 13-1511, 2/13/14.

[11]St. Rec. Vol. 10 of 11, 5th Cir. Opinion, 14-KA-565 (11-5898), p. 3 n.3, 12/16/14.

[12]St. Rec. Vol. 4 of 11, Trial Court Order, 13-1511, 2/13/14.

[13]St. Rec. Vol. 4 of 11, Motion to Revoke Probation, 13-1511, 6/9/15.

[14]Id.

Following his arrest eight months later, on February 27, 2016, Romious appeared before the state trial court on March 3, 2016, at which time the court held Romious in contempt twice and ordered a competency proceeding.[15]  The court deferred issuing judgments of contempt and ruling on the probation revocation pending the competency determination.  Romious filed an intent to seek review of the court's rulings and was given leave to do so.[16]  Romious did not timely do so.

Through April, 2016, Romious filed numerous motions with the state trial court referencing one or both cases, including motions for his release, to recuse the judge, address the conditions of his confinement and quash the revocation proceeding.[17]  He also submitted a writ application to the Louisiana Fifth Circuit on April 4, 2016, asserting that he received ineffective assistance of counsel before his guilty pleas and complaining that the trial judge would not recuse himself from the revocation process.[18]  The court denied the writ application on April 18, 2016, finding no basis to grant relief.[19]

---

[15]St. Rec. Vol. 5 of 11, Minute Entry, 13-1511, 3/3/16; Court Disposition, 2/29/16.

[16]St. Rec. Vol. 5 of 11, Trial Court Order, 13-1511, 3/14/16.

[17]St. Rec. Vol. 5 of 11, Motion to Recuse (both), 4/4/16; Motion to Re-open (both), 4/4/16; Motion to Quash Rule to Revoke Probation (both), 4/4/16; Motion to Remove "No Bond" Condition (both), 4/4/16; Motion to Recuse (11-5898), 4/12/16; Motion to Recall, Set Aside & Quash the Contempt Orders (both), 4/12/16; Motion to be Released (both), 4/12/13; Motion to Set Aside Rules to Revoke (both), 4/12/16; see also, Memorandum in Support of Motion to Recuse (both), 4/27/16.

[18]St. Rec. Vol. 7 of 11, 5th Cir. Writ Application, 16-KH-188, 4/4/16.

[19]St. Rec. Vol. 7 of 11, 5th Cir. Order, 16-KH-188 (both), 4/18/16.

While that matter was pending, on April 12, 2016, Romious filed a writ application in the Louisiana Supreme Court attempting to reopen both Case Nos. 11-5898 and 13-1511, and to challenge the conditions of his confinement and lack of medical attention for his mental health issues. The writ application remains pending before the Louisiana Supreme Court at this writing.[20]

On April 20, 2016, an initial competency hearing was held before another section of the state trial court, pending a ruling on the motion to recuse the regularly assigned trial judge, and the hearing was continued after Romious refused to allow his counsel to stipulate to the doctors' testimony and report.[21]

During this time, Romious also pursued two writ applications in the Louisiana Fifth Circuit seeking recusal of the trial judge, release from segregation and jail and contact visits with his family.[22] The court denied relief in both cases on April 19 and May 4, 2016, respectively.[23] Romious did not seek review of these rulings.

---

[20]St. Rec. Vol. 7 of 11, La. S. Ct. Writ Application, 16-KH-679 (both), 4/12/16; La. S. Ct. Letter, 2016-KH-679, 4/14/16. A member of my staff contacted the office of the Clerk of the Louisiana Supreme Court and was advised that the writ application was filed on April 12, 2016, and remains pending.

[21]St. Rec. Vol. 5 of 11, Hearing Minutes, 13-1511, 4/20/16; Competency Report, 13-1511, 4/13/16; St. Rec. Vol. 3 of 11, Hearing Minutes (11-5898), 4/20/16.

[22]See St. Rec. Vol. 3 of 11, 5th Cir. Order, 16-KH-253 (11-5898), 5/4/16 (citing 5th Cir. Order, 16-KH-224, 4/19/16 which is not part of the record).

[23]Id.

At a May 4, 2016, follow-up hearing, the temporarily assigned judge found Romious competent to proceed with the revocation proceedings.[24]  The same judge also denied Romious's motion to recuse the assigned trial judge after a hearing on May 9, 2016.[25]  No action was taken on Romious's notices of his intent to seek review.[26]

After the matter was returned to the docket of the assigned trial judge, the probation office filed a rule for contempt as to Romious's failure to pay fines, fees and costs in the amount of $2,245.00 associated with his probation and plea agreement in Case No. 13-1511.[27]  The record does not contain a ruling on this request.

Romious filed a writ application on May 9, 2016, with the Louisiana Fifth Circuit challenging the state trial court's orders issued on March 3, through the May 4, 2016, hearing.[28]  The Louisiana Fifth Circuit entered the following findings on May 19, 2016:[29]

> In his application, relator raised eight assignments of error.  In Assignments of Error Nos. 1, 2 and 3, relator contends the trial court failed to advise relator of his <u>Miranda</u> rights prior to engaging in a colloquy with relator during the hearing and otherwise violated relator's constitutional rights by engaging in a conversation with him due to relator's known mental disability.

---

[24]St. Rec. Vol. 5 of 11, Hearing Minutes, 13-1511, 5/4/16; St. Rec. Vol. 3 of 11, Hearing Minutes (11-5898), 5/4/16.

[25]St. Rec. Vol. 5 of 11, Minute Entry, 13-1511, 5/9/16; St. Rec. Vol. 3 of 11, Minute Entry, 11-5898, 5/9/16.

[26]St. Rec. Vol. 5 of 11, Notice of Intent (both), 5/4/16; St. Rec. Vol. 7 of 11, 5th Cir. Order, 16-KH-325 (11-5898), 6/22/16.

[27]St. Rec. Vol. 6 of 11, Rule for Contempt, 13-1511, 5/20/16.

[28]St. Rec. Vol. 7 of 11, 5th Cir. Writ Application, 16-KH-275,

[29]St. Rec. Vol. 7 of 11, 5th Cir. Order, 16-KH-275 (13-1511), 5/19/16.

These matters do not concern any rulings by the trial court and therefore, relator fails to raise an issue for this Court to review.

Assignments of Error Nos. 2, 3, 4, 5 and 7 each involve allegations that the trial court erred in holding relator in contempt of court. However, as explained above, a minute entry from the March 3, 2016 hearing indicates that the trial court reserved judgment on relator's contempt of court pending the competency hearing. Furthermore, the official record does not contain any rulings or judgments holding defendant in contempt of court for his conduct on March 3, 2016. Therefore, relator's writ application with respect to these contempt issues is premature.

In Assignments of Error Nos. 4, 5 and 7, relator complains the trial court erred by ordering a competency hearing. These assignments of error are moot as the trial court found relator competent to stand trial on May 9, 2016, the same day that relator filed this writ application.

Finally, in Assignments of Error Nos. 1, 4, 6 and 8, relator complains the trial court erred by ordering relator held without bond. According to La. C.Cr.P. art. 899, a court "may grant bail to a defendant who is arrested under this article." [Emphasis added.] The record indicates that relator filed motions requesting the trial court set a bond or order his release on April 4, 2016 and April 12, 2016. It does not appear that the trial court addressed these motions due to the need to first conduct the competency and recusal hearings. Now that these matters have been resolved, we order the relator's motions requesting a bond shall be set for hearing within 10 days of this ruling, if the trial court has not already done so.

Romious did not seek further review of this order. The state trial court set bond for Romious in the amount of $1,000 on May 26, 2016.[30] The court did not rule on Romious's request for reconsideration of the bond and for dismissal of the revocation proceeding.[31]

---

[30]St. Rec. Vol. 6 of 11, Minute Entry, 13-1511, 5/26/16.

[31]St. Rec. Vol. 6 of 11, Motion to Reconsider, 13-1511, 5/31/16; Motion to Quash and Dismiss, 13-1511, 5/31/16.

On June 22, 2016, the Louisiana Fifth Circuit denied another writ application filed by Romious addressed only to Case No. 11-5898.[32]  The court denied his request to instruct the trial judge to issue subpoenas for the competency hearing and directed the trial court to rule on Romious's notices of intent to seek review of the contempt and recusal orders.  The record provided to this Court contains nothing indicating state trial court action in response to the appellate court's June 22, 2016, order.

## II.    FEDERAL HABEAS PETITION

On April 29, 2016, after correction of certain deficiencies, the clerk of this court filed Romious's federal habeas corpus petition, which construed broadly, asserts the following grounds for relief:[33] (1)(a) Upon his arrest on February 27, 2016, his jailer prevented him from retrieving his psychotropic medication or allowing his family to bring him the medication, and did not provide him with the medication, and (b) he was beaten, stunned with a tazer, chocked, stomped and punched at the Jefferson Parish Correctional Center on March 11, 2016. (2)(a) He was beaten on March 1, 2016, two days before his scheduled revocation hearing, (b) the state trial court improperly engaged in discussions with him, knowing of his mental disability, ordered a competency hearing and placed a "no bond" hold on him pending the competency determination, which

---

[32]St. Rec. Vol. 7 of 11, 5th Cir. Order, 16-KH-325 (11-5898), 6/22/16. The State failed to provide the court with a copy of the writ application. A member of my staff contacted the office of the clerk of the Louisiana Fifth Circuit to obtain the filing date.

[33]Rec. Doc. No. 5.

amounted to excessive and unreasonable bail or bond, and (c) the state trial court judge should be recused. (3) The personnel at the Jefferson Parish Correctional Center tamper with and/or fail to deliver his incoming mail. (4) Jefferson Parish personnel have engaged in the unlawful obstruction of justice by improperly charging him with felony battery on a police officer due to the higher pretrial bond and because the correctional officers were the aggressors against him.

In his original handwritten submission, Romious asserted that he was being detained with no formal charge after his arrest on February 27, 2016.[34]  He complained that he was in administrative segregation with limited time out of his cell and limitations on his privileges, including telephone use, recreation and exercise.[35]  He vaguely intimates that each of his named respondents[36] have engaged in reckless negligence, malfeasance, abuse of authority, physical and mental abuse and torture during his detention in the Jefferson Parish Correctional Center.[37]  He also complains about his

---

[34]Rec. Doc. No. 5-1, p.13.

[35]Id.

[36]Romious's original complaint, now an attachment to his habeas petition, was found deficient in form by the clerk of court. Rec. Doc. Nos. 1, 2. Although, I believe his original complaint was intended as a civil rights action under 42 U.S.C. § 1983, Romious corrected the form deficiency by completing the Section 2254 form. See Rec. Doc. No. 5-1, p.4. In the original submission, Romious "sued" numerous defendants in their individual and official capacities: Judge Stephen Enright, Jefferson Parish Sheriff Newell Normand, Deputy K. Smith, Sergeant Jefferson, Sergeant Doyle, Sergeant Ennis, Deputy Donaldson, Sergeant Arnona, Dr. William Lo, Nurse Johnson and Deputy Hughes. Romious later "dismissed" Deputy Hughes and added Chester Lewis as a defendant. Rec. Doc. Nos. 7, 8, 9.

[37]Rec. Doc. No. 5-1, p.2.

medical and mental health care and mentions other conditions of his confinement at the Jefferson Parish Correctional Center which he finds unfavorable.

The State filed a response in opposition to Romious's petition asserting that Romious is in custody for purposes of a challenge to his detention and/or probation sentence in Case No. 13-1511; that he has completed his sentence and is not in custody under Case No. 11-5898.[38]  The State asserts that Romious's petition is not timely filed within one year of the finality of his convictions in either state criminal case.  The State also asserts that Romious has failed to exhaust available state court remedies as to any of the claims in his federal petition.  In addition, the State contends that the petition is premature because the state courts have not ruled on his revocation prior to his filing of the petition.  Finally, the State asserts that Romious's claims regarding medication, bail, mail tampering and obstruction of justice do not present cognizable federal habeas claims.

III.   SUBJECT MATTER JURISDICTION

28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).  The United States Supreme Court has interpreted the statutory language to

---

[38]Rec. Doc. No. 16.

require that the habeas petitioner be "in custody" at the time the petition is filed <u>for the conviction</u> or <u>sentence under attack</u>.  <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 400-401 (2001).  In <u>Lackawanna</u>, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure <u>to appoint</u> counsel in a prior proceeding.  No such claim is made in this case, and I am unaware of any exception to the rule that would apply to the claims asserted in this petition.[39]

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" based upon the challenged conviction and must have exhausted his available state court remedies.  <u>Carty v. Thaler</u>, 583 F.3d 244, 253 (5th Cir. 2009); <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987).  Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968); <u>Port v. Heard</u>, 764 F.2d 423, 425 (5th Cir. 1985).  When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody.  <u>Carafas</u>, 391 U.S. at 238; <u>Port</u>, 764 F.2d at 425.

At the time of filing in the instant case, Romious had been released from prison after serving the two consecutive one-year jail terms imposed in Case No. 11-5898.

---

[39]As explained by the Sixth Circuit in <u>Abdus-Samad v. Bell</u>, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the <u>Lackawanna</u> Court speculated that other exceptions to this rule of federal habeas <u>non</u>-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence. These circumstances do not exist in this case.

There is no indication that he was sent to parish prison to serve the consecutive sentences of fifteen days of jail time on the two misdemeanor battery counts imposed in Case No. 13-1511.  However, Jefferson Parish officials apparently considered Romious to have been released from jail to begin his term of probation in Case No. 13-1511.

As demonstrated by the foregoing procedural history, Romious has continued to challenge his incarceration and the revocation proceedings in both state criminal cases. The state courts have also continued to entertain his pleadings and even address his competency with respect to both cases, even though it is asserted that he completed the sentence in Case No. 11-5898 on March 23, 2015.  Specifically, the State asserts that Romious is no longer in custody for purposes of challenging his conviction in Case No. 11-5898.  The law is settled, however, that when consecutive sentences are imposed, a state defendant may continue to challenge his convictions in both cases as long as he remains in custody on one of the consecutive sentences.

In Garlotte v. Fordice, 515 U.S. 39, 47 (1995), the United States Supreme Court held that a habeas petitioner is "in custody" for purposes of challenging the first of two consecutive sentences, even if the first sentence has been completed.  The Garlotte Court distinguished its ruling from that in Maleng based on the "consecutive" designation of the sentence imposed by the state court.  The Court held that, when state law mandates consecutive service of sentences, the petitioner is in custody as to any of the sentences for purposes of the federal habeas statute.  Id. at 45 (citing Peyton v. Rowe, 391 U.S. 54

(1968)).  The Court held that consecutive sentences must be construed in the aggregate and that either sentence may be challenged as long as any one of them is being served. Id. at 46.

Applying these standards, I find that Romious is in custody for purposes of challenging his convictions and sentences in both Case Nos. 11-5898 and 13-1511, based on his probation sentence and his detention related to the revocation proceedings.  The State's argument that he is not in custody for both cases must be rejected.  This Court has subject matter jurisdiction to consider his claims as to both state cases.

IV.    CLAIMS RELATED TO THE CONDITIONS OF HIS CONFINEMENT

Romious has included claims in his habeas petition related to his placement in and the conditions of his administrative segregation confinement at the Jefferson Parish Correctional Center.  He complains that his privileges within the jail are limited, including limitations on his time out of the cell, telephone use, recreation and exercise. He also complains that the conditions of his cell, the showers and other areas are unsatisfactory.  He further asserts that prison officials have abused their authority and engaged in physical and mental abuse and torture.  He complains that he has not received adequate medical care, mental health treatment and medication from prison officials. These claims are challenges to the conditions of confinement and are not cognizable in a habeas corpus proceeding.[40]

---

[40]I consider the Section 1983 claims to be: (1)(a) Upon his arrest on February 27, 2016, he was denied his psychotropic medications, and (b) he was subjected to excessive force on March 11, 2016.

A petition for writ of habeas corpus challenges the fact of confinement and permits a petitioner to seek immediate or earlier release from custody.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A civil rights complaint brought pursuant to 42 U.S.C. § 1983 is the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures.  See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Spencer v. Bragg, 310 F. App'x 678, 679 (5th Cir. 2009); see also, Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) ("[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse affect upon the prisoner").  The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement.  Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987).

Romious's claims challenging the conditions of his confinement do not contest the fact or duration of his confinement for purposes of habeas corpus review. "[H]abeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976).  Romious's conditions of confinement

---

(2)(a) He was beaten on March 1, 2016, two days before his scheduled court appearance for the revocation hearing. (3) The personnel at the Jefferson Parish Correctional Center tamper with and/or fail to deliver his incoming mail. Other claims may also include: (1) He was housed in administrative segregation with limited time out of his cell and limitations on his privileges, including telephone use, recreation and exercise. (2) The named respondents have engaged in reckless negligence, malfeasance, abuse of authority, physical and mental abuse and torture while he has been housed in the Jefferson Parish Correctional Center. (3) He has been denied adequate medical and mental health care and is housed in unfavorable conditions.

claim do not present grounds warranting relief pursuant to federal habeas corpus review and should be dismissed without prejudice.

**Romious is hereby instructed that if he seeks relief related to the <u>conditions of his confinement</u>, he must file these claims in an appropriate civil rights action using the Section 1983 form that is available to him in the jail.**

## V.    <u>GENERAL STANDARDS OF HABEAS REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996,[41] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Romious's petition, which was filed on Romious's behalf on April 14, 2016.[42]

---

[41]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[42]The clerk of court's records reflect that the original submission was filed in person on behalf of Romious on April 14, 2016 with the $5.00 habeas corpus filing fee. The federal "mailbox rule" does not apply to a petition unless it is mailed by the prisoner. <u>See e.g.</u>, <u>Dison v. Whitley</u>, 20 F.3d 185, 187 (5th Cir. 1994) (prisoner's "use of an unknown agent does not trigger the <u>Houston</u> [v. Lack, 487 U.S. 266 (1988),] exception that is limited to filings with prison officials, over whom a prisoner has no control."); <u>Knickerbocker v. Artuz</u>, 271 F.3d 35, 37 (2d Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in Houston does not apply where a pro se prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk."); <u>Llovera v. Florida</u>, No. 13-859, 2013 WL 5468256, at *3 n.2 (D.S.C. Sep. 30, 2013) ("mailbox rule" did not apply to filing where "there [was] nothing on the envelope to indicate mailing from a place of confinement."); <u>Pearson v. Vaugh</u>, 984 F. Supp. 315, 317 (E.D. Pa.1997) ("mailbox rule" is inapplicable when a prisoner decides to send his complaint to a third party for filing, because the prison is no longer responsible for any delays in filing).

The threshold questions in habeas review under the amended statute are whether the petition is timely filed and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Romious's petition is untimely filed and that he has failed to exhaust state court remedies. I find that the petition is not timely in connection with the convictions in Case No. 11-5898 but is timely as to the probation revocation in Case No. 13-1511. However, Romious has failed to exhaust state court review of his claims.

## VI.   STATUTE OF LIMITATIONS

### A.   CLAIMS CHALLENGING THE UNDERLYING CONVICTIONS

The AEDPA requires Romious to assert claims challenging the underlying convictions and sentences[43] within one year of the date his convictions became final.[44]

---

[43]I reference specifically Romious's claims that Jefferson Parish personnel have engaged in the unlawful obstruction of justice by improperly charging him with felony battery on a police officer due to the higher pretrial bond and when the correctional officers were the aggressors. Construed broadly, his claims may also be that his counsel was ineffective in conspiring with the Jefferson Parish District Attorney and state trial judge to confuse the pleas and sentences.

[44]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Federal courts have recognized that, when federal habeas claims challenge the validity of the original or underlying conviction, and do not challenge the revocation of probation related to that conviction, "the statute of limitations [is] not affected by the fact that [petitioner] was released on parole and that parole was later revoked."  Green v. Warden, No. 12-0853, 2012 WL 5463830, at *3 (E.D. La. Oct. 1, 2012) (citing Heiser v. Johnson, 263 F.3d 162, 2001 WL 803542, at *1-2 (5th Cir. Jun.8, 2001) (Table, Text in Westlaw)), reported adopted, 2012 WL 5463819, at *1 (E.D. La. Nov. 8, 2012).  To the extent Romious asserts claims challenging the underlying convictions in Case Nos. 11-5898 and 13-1511, and not revocation of his probation, the AEDPA statute of limitations runs from the finality of the challenged convictions.  Heiser, 2001 WL 803542, at *2 (holding that limitations runs from finality of underlying conviction unless the petition is challenging the parole revocation which constitutes a later predicate under § 2244(d)); see also, St. Clair v. Harry, No. 11-cv-691, 2011 WL 3814678, at *3 (E.D. Mich. Jul. 26, 2011) (same).

Therefore, applying the AEDPA one-year limitations period from finality of the convictions, his petition is not timely filed.  Romious's felony convictions in Case No.

---

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

11-5898 were final on January 15, 2015, when he did not seek review of his direct appeal. His misdemeanor convictions in Case No. 13-1511 were final on March 28, 2014, when he did not timely seek review.  Applying Section 2244 literally, Romious had one year from finality of each of his convictions, or until January 15, 2015 in Case No. 11-5898 and Monday, March 30, 2015,[45] in Case No. 13-1511, to file his federal habeas corpus petition challenging the convictions, which he did not do.  To the extent he is challenging the underlying convictions in each case, his petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some

---

[45]The thirtieth day was Saturday, March 28, 2015, leaving the final day of the period to fall to the next business day which was Monday, March 30, 2015. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Romious has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward,

during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that

passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Case No. 11-5898, the one-year AEDPA statute of limitations period began to run on January 16, 2015, the day after his conviction became final under federal law. The one-year period continued to run without interruption for 365 days until January 15, 2016, when it expired.  Romious had no properly filed state court application for post-conviction relief or other collateral review related to this case pending in any state court during that period of time.  He is not entitled to any statutory tolling and the AEDPA statute of limitations expired on January 15, 2016, for purposes of challenging the convictions and sentences in Case No. 11-5898.

In Case No. 13-1511, the one-year AEDPA statute of limitations period began to run on March 29, 2014, the day after his conviction was final under federal law.  The one-year filing period continued to run without interruption for 365 days until Monday, March 30, 2015, when it expired.  Romious had no properly filed state court application for post-conviction relief or other collateral review related to this case pending in any state court during that period of time.  He is not entitled to any statutory tolling and the AEDPA filing period expired on March 30, 2016, for purposes of challenging the convictions and sentences in Case No. 13-1511.

Romious's federal petition was filed on April 14, 2016, when it was hand-delivered to the clerk of court with the $5.00 filing fee, which was <u>after</u> the AEDPA's one-year statute of limitations expired as to any challenge to the underlying convictions in Case Nos. 11-5898 and 13-1511.  The petition therefore is not timely filed for purposes of challenging the underlying convictions and sentences imposed in either case and must be dismissed with prejudice to the extent he seeks review of those underlying convictions and sentences.

B.      <u>CLAIMS CHALLENGING THE REVOCATION PROCEEDING</u>

In the context of the probation revocation proceedings, like the one pending in Case No. 13-1511, the AEDPA statute of limitations commences from the revocation that caused the petitioner to return to prison.  <u>Accord</u> <u>Heiser</u>, 2001 WL 803542, at *1-2 (the parole revocation constitutes a later predicate under § 2244(d)); <u>Stokes v. Avoyelles</u>

Corr. Center, No. 11-2879, 2012 WL 1019826, at *2-4 (E.D. La. Mar. 9, 2012) (Knowles, M.J.) (same regarding probation revocation), findings adopted by, 2012 WL 1019125, at *1 (Mar. 26, 2012) (Zainey, J.); Alfiero v. Warren, No. 07-CV-14653, 2011 WL 4595806, at *1 (E.D. Mich. Oct. 4, 2011) (for claims addressing the original conviction after the revocation of parole, the one-year statute of limitations begins to run when direct review of the original sentence ends, not from the date of revocation) (citing St. Clair, 2011 WL 3814678, at *3) (habeas petition challenging original convictions rather than revocation procedures was untimely because limitations period began to run when original convictions were final, not when parole was revoked)).

Thus, a petitioner like Romious has one year from the revocation of probation to challenge the revocation process and ruling.  Romious filed his petition before formal revocation of his probation.  I have determined from my own research that on July 25, 2016, Romious stipulated to the grounds for the probation revocation and was sentenced to time served as it related to the simple battery in Case No. 13-1511 and any other attachment and contempt orders previously issued by the court.[46]

Because the final revocation order was issued on July 25, 2016, I cannot find that the limitations period has expired, and the State's limitations defense must be rejected as to Romious's challenge to the revocation proceedings related to the misdemeanor simple battery conviction in Case No. 13-1551.

---

[46]See July 25, 2016, Commitment Order separately filed into the record.

Thus, the AEDPA limitations period has not expired for purposes of considering his habeas claims directly arising from or related to the revocation proceeding. Construing the record broadly, the viable habeas claims appear to be: (1)(a) The state trial court improperly engaged in discussions with Romious knowing of his mental disability, ordered a competency hearing and placed a "no bond" hold on him pending the competency determination, which amounted to excessive and unreasonable bail or bond. (b) The state trial judge should be recused. (c) The state trial judge has abused his authority by keeping him in jail. (2) He has been detained with no formal charge after his arrest on February 27, 2016.

The State asserts and I find that Romious has failed to exhaust state court remedies as to all of these claims.

## VII.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord Duncan</u>, 533 U.S. at 177-79.

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. <u>See Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Romious must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner. The record establishes that Romious has not done so. Since the outset of the revocation proceeding,

Romious has filed one writ application in the Louisiana Supreme Court, which remains pending. That writ application reveals that Romious challenged the failure of prison officials to provide him with adequate mental health care and medication and complained about other conditions of his confinement in administrative segregation in the Jefferson Parish Correctional Center, and not about the revocation itself. Thus, Romious has not given the state courts the opportunity to review his claims through to the Louisiana Supreme Court. His claims arising from the revocation proceedings in Case No. 13-1511 should be dismissed without prejudice for failure to exhaust state court remedies.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Romious's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** in part as to his complaints about his conditions of confinement that are not cognizable on federal habeas review; **DISMISSED WITH PREJUDICE** in part as time-barred to the extent he asserts claims challenging the underlying convictions and sentences in Jefferson Parish Case Nos. 11-5898 and 13-1511; and **DISMISSED WITHOUT PREJUDICE** in part for failure to exhaust state court remedies with regard to his claims challenging the probation revocation proceedings in Jefferson Parish Case No. 13-1511.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

(14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[47]

New Orleans, Louisiana, this ____19th____ day of October, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[47]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

29